IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. MICHAEL E. OWENBY

**Appeal from the Criminal Court for Sevier County**
**No. 8031     Richard R. Vance, Judge**

---

**No. E2001-02012-CCA-R3-CD**
**August 28, 2002**

---

The Defendant, Michael E. Owenby, appeals as of right from his conviction by a jury of theft of property over $1,000, a Class D felony. He was sentenced to three years as a Range I standard offender, with ninety days to be served in confinement and the balance to be served in the Community Corrections program. He argues as his sole issue on appeal that there was not sufficient evidence presented at trial to support his conviction of theft. We affirm the judgment of the trial court but remand to the trial court for entry of an amended judgment deleting the "day for day" requirement relating to the ninety days of confinement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed as Modified**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

James Greenlee, Sevierville, Tennessee, for the appellant, Michael E. Owenby.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Steve Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant, Michael E. Owenby, was convicted by a jury of theft of property over $1,000. He was sentenced to a term of three years in the Department of Correction. After the service of ninety days in confinement, the Defendant is to serve the balance of his sentence in the Community Corrections program. The Defendant argues that the evidence presented to the jury was insufficient to support a conviction of theft. We respectfully disagree.

On February 11, 2000, Ms. Keiandra Dirl's 1989 Cadillac Sedan DeVille was stolen from her apartment complex. The next morning, all that she found in the parking space where she had left her car was broken glass.

On February 25, 2000, while on patrol, Deputy Johnny Bohanan of the Sevier County Sheriff's Department spotted the stolen Cadillac. The car was speeding and sliding sideways along the road. Deputy Bohanan activated his emergency lights and siren and pursued the car. The Cadillac fled from the Deputy, and as he gave chase, he could see that it did not have a license plate. As the Cadillac crossed a bridge, Deputy Bohanan observed the passenger of the Cadillac, the Defendant, throwing items out of the passenger window. Some of the items fell onto the bridge and were retrievable, while others went over the railing and were lost in the lake below. Eventually the Cadillac struck a stop sign and a concrete pole and came to an abrupt stop.

After the car stopped and Deputy Bohanan had its two occupants out of the vehicle, he asked them to whom the car belonged. The Defendant replied that "they had just purchased the car for a hundred dollars." When other officers arrived to assist Deputy Bohanan, he went back to the bridge and collected the items that the Defendant had thrown out of the car during the pursuit. The Deputy recovered three gloves and a broken beer bottle. Two of the gloves were a pair of camouflage gloves, and one of the gloves was brown. The other brown glove was later found in the Defendant's pocket.

An inspection of the stolen Cadillac revealed that the driver's side window was broken and shards of glass remained in the driver's floorboard, the steering column was broken and a device had been inserted to turn the ignition, and parts of the dashboard had been removed. Later, at the police station, Deputy Bohanan questioned the Defendant about the stolen vehicle. The Defendant told the Deputy that "somebody had just left the vehicle there and that he didn't buy the vehicle." The Defendant told yet another story at trial. He testified that he was at a friend's house at around 2:00 a.m. when a third person drove up in the stolen Cadillac. The Defendant and his friend decided to get in the car and "just ride around." When the Defendant got in the passenger side of the car, he noticed the broken steering column, the broken window, and the glass in the floorboard. When asked on cross-examination by the prosecuting attorney, "You got in a stolen car and you knew it was stolen once you got into it, is that what you're telling the Jury?", the Defendant replied, "Yes, sir."

The sole issue raised by the Defendant on appeal is whether there is sufficient evidence to convict him of theft of property. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden

of showing that the evidence was insufficient.  See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279.  The court may not "re-weigh or re-evaluate the evidence" in the record below.  Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105.  Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment.  See Tuggle, 639 S.W.2d at 914.  All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts.  See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000);  State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent."  Tenn. Code Ann. § 39-14-103.  The evidence in this case clearly establishes that the Defendant did not have the owner's consent to possess or use her car.  Ms. Dirl testified that she called the police once she discovered that her Cadillac had been stolen.  She stated that she had not given permission to the Defendant to use or be in her vehicle.  Furthermore, the record shows that the Defendant intended to deprive the owner of the stolen vehicle of that property.  The Defendant testified that he and his friend "just wanted to ride, you know, just ride around."  When asked by the prosecutor whether he intended to "take [the stolen car] back to the victim," the Defendant answered, "No, sir."  Therefore, the Defendant intended to deprive the owner of the property.

The question then becomes whether there was sufficient evidence that the Defendant, as a passenger in the stolen automobile, knowingly obtained or exercised control over the property.  In State v. Mack Samuel Stokes, No. M1999-02252-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 460, at *6-7 (Nashville, June 9, 2000), this Court affirmed the conviction of the defendant, a passenger in a stolen vehicle, for theft of the vehicle.  In that case, the defendant was riding in the passenger seat of a stolen automobile when it was stopped by the police.  He gave the police officer a piece of paper that he submitted was the bill of sale and asserted ownership of the vehicle.  This Court held that a rational juror could find beyond a reasonable doubt that the defendant knowingly exercised control over the stolen vehicle.

The instant case is quite similar.  The jury was presented with testimony that after a brief chase of the stolen Cadillac by the Sevier County Sheriff's Department, during which the Defendant threw various items out the passenger side window of the vehicle, the Defendant volunteered that he and his friend had bought the car for one hundred dollars.  He changed his story at the police station, saying that someone had apparently abandoned the vehicle.  Ms. Dirl, the owner of the stolen car, testified that when she recovered the car, the driver's side window "had been smashed out,"

"[t]he CD player had been taken out of the dashboard," "[t]he back seat of the car had been pulled out from where they had went and cut the speakers out of the car," "[t]he steering column was messed up and also the [glove] box had been torn off . . . ."

We conclude that it was reasonable for the jury to find that the Defendant did exercise control over the stolen automobile. The jury was entitled to credit the fact that the Defendant was throwing items out of the car as he and his friend fled from Deputy Bohanan, as well as the initial statement that the Defendant made to the Deputy, that he was, at least, the partial owner of the car. Obviously, the Defendant did not act alone, but rather in concert with others. Nevertheless, we believe the proof shows that he was exercising control over the vehicle at the time of his arrest.

Based on our review of this record, we find that there is sufficient evidence for a rational trier of fact to conclude that the Defendant is guilty of theft of property beyond a reasonable doubt.

Although neither argued by the Defendant nor brought to our attention by the State, we note the trial court was not authorized to order the Defendant to serve his ninety days in the county jail "day-for-day," thereby depriving the Defendant of good conduct credits. Good conduct credits apply to felons serving less than one year in the county jail or workhouse. See Tenn. Code Ann. § 41-2-111(b); State v. James Kevin Underwood, No. E2000-01945-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 585, at *8 (Knoxville, Aug. 2, 2001); see also State v. Clark, 67 S.W. 3d 73, 78 (Tenn. Crim. App. 2001). Accordingly, we modify the time of confinement to the extent of deleting the "day-for-day" language. Therefore, the Defendant will be entitled to any good conduct credits he earns, which will apply toward his ninety days of confinement.

We remand to the trial court for entry of an amended judgment deleting the "day-for-day" language and affirm the judgment of the trial court in all other respects.

_____
DAVID H. WELLES, JUDGE

-4-